TREG R. TAYLOR
ATTORNEY GENERAL

Matthias R. Cicotte (Alaska Bar No. 0811065)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 258-0760
Email: matthias.cicotte@alaska.gov

Attorney for State of Alaska, Dept. of Corrections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATE OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:19-cr-00112-TMB-DMS<br>) |
| JORDAN J. SHANHOLTZER, et al., | )<br>) **DOC SUPPLEMENTAL RESPONSE** |
| Defendants. | ) **RE: ATTORNEY ACCESS** |

The State of Alaska, Department of Corrections ("DOC"), by and through counsel, hereby submits to the court this supplemental response regarding the question of defendants' access to in-person attorney visitation, and responds to defendants' various filings submitted after the most recent hearing.

At Docket No. 266, defendants had asked the court to require DOC "to immediately develop a timeline for implementation of policies and procedures that will provide in-person attorney access to incarcerated defendants within 30 days from the date

of the order."[1] Defendants had also asked the court to order DOC "to allow one or more members of the court, a representative from the USA and the FPD, and a representative from the CJA Panel or resource counsel to conduct an on-site visit at of the various discovery locations and possible visitation areas," presumably in the interest of informing the court and the parties whether in-person attorney visitation was indeed feasible at that time.[2]

As the court is aware, by the time the evidentiary hearings on March 15, 2021 and March 31, 2021 had concluded, DOC's policies regarding attorney visitation had changed, such that the relevant question before the court was whether DOC was permitted to restrict attorney visitation to inmates who had completed their vaccination cycle. It was for this reason that the court solicited from the defendants a revised request for relief, and allowed DOC to respond to the revised request for relief.

However, within days the situation regarding attorney visitation within DOC changed again. As defendant Kenneth Ford has informed the court, a Preliminary Injunction was issued on April 5, 2021 in *Curtner, et al v. Dahlstrom, et al*, 3AN-21-04325CI, which requires DOC to allow in-person attorney visitation whether the inmate is vaccinated or not.[3] The United States, in its most recent status report, noted that "it is

---

[1] Docket 266 at 7.

[2] Docket 266 at 6-7.

[3] Docket 290-1.

possible that collateral litigation in state court may have resolved" the defendants' attorney-access motion.[4]

DOC submits that the preliminary injunction issued in 3AN-21-04325CI does, in fact, moot the motion at 266. DOC is in compliance with the state court's order, and defendants' vaccination status is no longer a bar to their receiving attorney visitation. The preliminary injunction will remain in force while the state court case is litigated. So long as Covid-19 cases continue to decrease, by the time the order is no longer in effect, it is highly unlikely that DOC will have any remaining interest in restricting attorney visitation, and indeed all of DOC's policy movement is currently in the opposite direction.

Defendant Moi, who filed the motion at Docket 266, has withdrawn the request for relief found in the original motion, and has submitted a revised request for relief at Docket No. 294. The requested relief is so far afield from the original, now mooted, motion for in-person attorney access that it should properly be considered an entirely new motion which is unsupported by any argument, nor has it been squarely presented to the court.

The first two revised requests for relief relate to prisoner computer access.[5] While computer access was among the factual matters addressed at the March 2021 hearings, it was only insofar as discovery computers and attorney visitation computers had been

---

[4] Docket 292 at 2.
[5] Docket 294 at 2.

installed as a substitute for in-person attorney visitation. Now that defense counsel are able to engage in in-person attorney visitation, their factual claim that the visitation and discovery computers are a poor substitute for in-person visitation is moot. Moreover, these new requests for relief are unsupported by any factual claim that Moi himself or any of the other defendants currently has any problem with accessing computers in furtherance of their criminal defense that warrants action by this court.

Thus, there are no grounds for the court to order an on-site visit by the court and various other parties to view "the various discovery and inmate computer access locations" at facilities across the state as Moi requests.[6] The court had previously raised the possibility of visiting these facilities to determine whether in-person attorney-client visitation could safely take place, but that question is now moot because those visits are taking place.

Furthermore, Moi's request that the court order DOC to "develop a policy and procedure governing all institutions regarding inmates' access to discovery review computers and case related materials" is not only beyond the scope of the original motion, it is beyond the court's purview in this case. This is not a civil class action lawsuit, but a criminal prosecution. "Courts disfavor attempts to litigate conditions of confinement as motions in a defendant's criminal case."[7] In this case, the operative exception to that rule is "where a pretrial detainee challenges the conditions of their

---

[6] Docket 294 at 2.

[7] *U.S. v. Soneoulay*, 3:20-cr-00021-TMB-DMS, Docket 149 at 26, citing *U.S. v. Luong*, No. CR 99-433 WBS-GGH, 2009 WL 2852111, at *1-2 (E.D. Cal. Sept. 2, 2009).

USA v. Shanholtzer, et al.  Case No.: 3:19-cr-00112-TMB-DMS
DOC Supplemental Response Re: Attorney Access  Page 4 of 7

Case 3:19-cr-00112-TMB-DMS   Document 297   Filed 04/28/21   Page 4 of 7

confinement that infringe upon their ability to consult with counsel or exercise other trial rights."[8]

Given the absence of any showing that plaintiffs themselves continue to suffer under some deficiency in computer access, as opposed to any prior issues they may have had in substituting computer access for in-person attorney access, there are no grounds for the court to issue any relief whatsoever regarding inmate computer access. There is even less legal basis for the court to enjoin DOC to enact policies to apply statewide, to all prisoners and not just the defendants to this case. For the court to issue such sweeping relief against the State, well in excess of its jurisdiction over this criminal case to which the State is not even a party, would violate the principles of federalism.

Moi's third request for relief is that this court order DOC to abide by the order issued in 3AN-21-04325CI.[9] Such an order is redundant, and seems to presume that DOC would willfully violate a state court order. There is no basis for such relief. DOC is in compliance with the state court's order and will remain so while the order remains in place.

Finally, although he does not frame it as a request for relief, defendant Ford claims that that DOC has a policy of requiring inmates to quarantine after visiting in person with

---

[8] *Soneoulay*, Docket 249 at 26, citing *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2020 WL 3858599, at *4 (E.D. Cal. July 8, 2020) and *United States v. Wade*, No. 3:07-cr-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009).

[9] Docket 294 at 2.

their attorney if neither the inmate nor attorney are vaccinated.[10] Ford expresses the concern that this condition will deter inmates from wanting to meet with their attorneys.[11] But the quarantine condition does not apply to all attorney-client visits, but only "contact visitation," i.e., visitation where the inmate and attorney are in the same room and not separated by plexiglass.[12] Such contact visitation is only a tiny minority of attorney visitation at this time, and attorneys are able to visit their client without the need for quarantine simply by meeting in a non-contact visitation room.

Moreover, Ford does not claim that he himself is unable to meet with his attorney due to this rule. DOC reiterates that this is not a class-action lawsuit, and the possibility that some other inmate may be deterred from contact visitation due to the quarantine requirement is not an issue before the court. In any event, the quarantine requirement is a responsible safety measure that DOC is employing in order to facilitate attorney-client visitation while continuing to protect inmates from the spread of Covid-19.

## CONCLUSION

For the foregoing reasons, the court should deem defendants' attorney access motion at Docket No. 266 to be moot, and deny all subsequent requests for relief as unrelated to the original motion and unsupported in fact or law.

---

[10] Docket 293 at 2.

[11] *Id.*

[12] Docket 293-1 ("Where attorney visitation takes place in two separate rooms with telephone communication, the inmate may return to previous housing including general population housing.").

DATED: April 28, 2021.

        TREG R. TAYLOR
        ATTORNEY GENERAL

By: /s/Matthias R. Cicotte
Matthias R. Cicotte
Assistant Attorney General
Alaska Bar No. 0811065
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Facsimile: (907) 258-0760
Email: matthias.cicotte@alaska.gov
Attorney for State of Alaska, Dept. of Corrections

Certificate of Service
I certify that on April 28, 2021 the foregoing was served electronically on:

All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

/s/Matthias R. Cicotte
Matthias R. Cicotte, Assistant Attorney General